UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RAYMOND W. BODEN, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:11-CR-88-TAV-HBG |
| | ) | 3:13-CV-639-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Raymond W. Boden, Sr. has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 51]. The government filed a response in opposition [Doc. 58]. Additionally, Petitioner filed a reply to the response [Doc. 60]. Also before the Court are Petitioner's motion to accept reply and to schedule an evidentiary hearing [Doc. 59], and two motions for appointment of counsel [Docs. 63, 65]. Upon review of the motion and filings in the record, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255, and it will accordingly deny the § 2255 motion for the reasons set forth herein. In addition, the Court will grant in part and deny in part Petitioner's motion to accept reply and to schedule an evidentiary hearing, and will deny the motions to appoint counsel.

**I.      Factual and Procedural History**

On June 20, 2012, Petitioner pleaded guilty to violating 18 U.S.C. § 2422(b) pursuant to a written plea agreement with the United States [Doc. 37]. The plea agreement states that the government "agrees not to prosecute any of the defendant's immediate family members for any alleged involvement they might have had in tampering with the defendant's Yahoo!

email account subsequent to his arrest" [*Id.* ¶ 2].  Further, the plea agreement states that Petitioner agrees and stipulates to certain facts, as the government has referenced in its response to the § 2255 motion [Doc. 58].

During the change of plea hearing, the Court recited the legal rights that Petitioner was giving up by pleading guilty, and Petitioner swore that he understood [Doc. 56 pp. 6–7]. Further, Petitioner stated, "No, sir," when the Court asked whether "any person, including an officer or agent of the government, [had] put any pressure on [Petitioner], mental or physical, to force [him] to plead guilty" [*Id.* at 7].  The Court then specifically referenced the government's promise not to prosecute any of Petitioner's immediate family for any alleged involvement that they may have had in tampering with the Yahoo! Account [*Id.* at 8].  The Court advised Petitioner of the elements and maximum penalty of the offense [*Id.* at 12–19]. Petitioner also affirmed the factual basis set forth in the plea agreement and stated that he was pleading guilty because he was, in fact, guilty [*Id.*].  The Court concluded that Petitioner's plea was knowing and voluntary, accepted his plea, and adjudged him guilty of violating 18 U.S.C. § 2422(b) [*Id.* at 21–22].

## II. Motions to Accept Reply, Schedule Evidentiary Hearing, and Appoint Counsel

Petitioner requests that the Court accept and consider his reply brief [Doc. 60] filed in support of his § 2255 motion.  The Court will grant this request and consider the brief in making its determination.  Petitioner also requests an evidentiary hearing, which the Court finds is not necessary at this juncture.  As such, the Court will deny Petitioner's request for an evidentiary hearing.

Petitioner also requests appointment of counsel to assist him with his § 2255 motion. The court has discretion to appoint counsel when required by the interests of justice under 18 U.S.C. § 3006A. In light of this discretion and after careful consideration, the Court finds that the interests of justice do not require appoint of counsel at this time. In particular, Petitioner has not shown that the issues presented are of a factual or legal complexity that would warrant the appointment of counsel. As such, the Court will deny Petitioner's requests for counsel.

### III. Petitioner's Declaration

In support of his § 2255 motion, Petitioner filed a declaration [Doc. 51-1]. In his declaration, he asserts that he created the mrhelper@yahoo.com email to explore adult swinger sites. Petitioner states that he began to place advertisements for adults on Craigslist. He states that fun_mom_of_1 ("fun_mom") replied to his Craigslist advertisement. Petitioner claims that had he had any intention of violating the law, he would not have used his actual name to create his email account. He asserts that searching for the mrhelper account in Google shows that his internet activities were open and legal and that "this is exactly one of the first things [his] attorney's office did." Petitioner states that he placed an ad, "Fantasy to Fill," looking for a mother-daughter team. Petitioner continues that he received a reply from fun_mom, which was actually law enforcement. Petitioner states that in response to fun_mom's question regarding age, Petitioner stated that he would "prefer daughter be 18 yrs." Petitioner states that he tried to find out the daughter's age, but he was not given the daughter's age in response to any of his email requests. Further, Petitioner states that he met the mother, Gina, at Brusters. After several email exchanges, Petitioner

3

agreed to meet Gina at a hotel and was arrested. Petitioner claims that the advertisement was looking for two adult females, a mother and daughter.

Petitioner's declaration further provides that in October 2011, he and his attorney prepared for trial. Petitioner's attorney requested information in the mrhelper account about October 31, 2011, but the government responded that it could not access the account. Petitioner states that an officer asked for the answer to the security questions, and with the approval of his attorney, Petitioner and his attorney gave the police the options that would be the correct answers. Petitioner states that he asked his son to verify the question that Yahoo! was asking, which his son did. Petitioner's son told Petitioner that the question being asked by Yahoo! was the same as the question that Petitioner was answering for the police. Petitioner asked his son to verify that the password given to the police was correct, and his son did. Later, Petitioner's attorney expressed concern that the government might use Petitioner's assistance against Petitioner's son and Petitioner. Petitioner states that his son assured him that he did not alter or delete anything while he was in the account. Petitioner claims he received discovery from the government, including an IP report that shows three IPs connected to the Yahoo! account after he was arrested. One IP address was located at the Tennessee State Capital and the other was located in downtown Knoxville, Tennessee. Petitioner states that as he proceeded to trial, the government informed Petitioner's attorney that charges were pending against Petitioner's wife and son. Petitioner's attorney stated that he had reviewed the evidence given to him and that the government had a case against his family. Petitioner states that his attorney told him that if he agreed to sign a proffered plea agreement in the next few days, the government would not file any charges against

4

Petitioner's wife and son, as long as Petitioner did not tell his family about the charges. Petitioner states that after he was imprisoned, he reviewed the jail telephone conversations and documents related to the allegations against his wife and son and that the information does not contain evidence of obstruction of justice.

IV.     Section 2255 Motion

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner alleges the following four grounds for relief in his § 2255 motion: (1) his plea agreement was coerced because the government threatened to bring charges against members of his family; (2) the government engaged in misconduct that corrupted evidence, which was subsequently used to coerce him into entering into a plea agreement; (3) had he proceeded to trial, evidence of entrapment would have made a conviction unlikely; and (4) ineffective assistance of counsel. The Court will address each argument in turn.

  A. **Coercion By Threatening Charges Against Members of Petitioner's Family**

Petitioner claims that the government coerced him into pleading guilty by threatening to bring charges against his family for obstructing justice and tampering with evidence.

5

Specifically, the Petitioner states that he intended to continue his plea of not guilty and present the question of whether the government's actions amounted to unlawful entrapment to a jury. He argues that he changed his plea only after the government threatened to bring charges against members of his family based on alleged tampering of Petitioner's Yahoo! account and emails. Petitioner contends that when he pled guilty, he was not aware that unidentified and unknown users had accessed his Yahoo! account from multiple government offices, even though the police claimed that they could not access his Yahoo! account and asked Petitioner and his family for help. Petitioner submits that he did not appeal this conviction because the waiver in his plea agreement and the record was inadequate to present this issue on appeal.

First, the Court notes that this claim is procedurally defaulted because Petitioner did not litigate this issue on direct appeal when he could have done so. *See Bousley v. United States*, 533 U.S. 614, 621 (1998). Second, Petitioner's claim of coercion is without merit and his guilty plea was made knowingly and voluntarily. During the guilty plea hearing, Petitioner swore under oath that he was not coerced as he affirmed that no person had put any pressure on him to plead guilty [Doc. 56 p. 7]. Third, the plea agreement that Petitioner signed specifically provided that as part of the agreement the government would not prosecute his family members "for any alleged involvement they might have had in tampering with the Defendant's Yahoo! Email-account subsequent to his arrest" [Doc. 37]. Furthermore, at his change of plea hearing on June 20, 2012, Petitioner specifically acknowledged his understanding of that portion of the plea agreement. At no point during the plea hearing did Petitioner offer any objection or claim any coercion or involuntariness as

6

a result of the negotiated agreement. Fourth, in the government's response, it discusses its basis for potential charges against Petitioner's family, including that its initial access to Petitioner's computer from June to November 2011, was legally conducted pursuant to Petitioner's consent,[1] but that the agents were unable to regain access in January 2012, because Petitioner's family members had accessed the account and reset the password [Doc. 58 pp. 3–4, 11–12].[2]

Petitioner's belated claims that he intended to go to trial and only changed his plea after the government "threatened" to bring charges against members of his family are belied by the evidence and his prior sworn testimony at the change of plea hearing. Petitioner swore and acknowledged to committing all of the elements of the offense for which he was charged and pled guilty to them, acknowledging that he committed all of the acts in the factual basis including his receiving emails, specifically advising him of and referring to Amy as a 12-year old minor and his sending an email indicating he had "thought about this and I am okay with her age"—as well as sending an email for Amy to entice her. Notably these emails and comments are conspicuously absent from Petitioner's claims herein and his

---

[1] The transcript of the change of plea hearing also notes as part of the factual basis (which Petitioner agreed to) that Petitioner had consented to allowing the government's agents to assume his Yahoo! email account [Doc. 56 pp. 17–18; *see also* Doc. 57 p. 4].

[2] The evidence supporting this allegation is set forth in government's response [Doc. 58 pp. 4–6]. In Petitioner's reply, he does not rebut these allegations but confirms the government's lack of access "several weeks" after October 21, 2011 (the government states January 2012), admits his family accessed the Yahoo! account [Doc. 60 pp. 3, 5], and does not dispute the IP address used to access Petitioner's Yahoo! email account was registered to his son, Daniel, nor does he deny that his family changed the password access. The jail telephone call recordings belie Petitioner's current interpretation, including his claim that his son accessed the computer to assist the investigator. Petitioner further admits committing perjury in his plea hearing [Doc. 60 p. 3], and makes numerous unsupported allegations.

7

declaration. Petitioner's decision to plead guilty was his, and his alone, and he is bound by his sworn testimony of no coercion and his guilt as to each and every fact and element, and that he was pleading guilty because he was guilty. There is no basis to support Petitioner's first alleged ground for relief.

### B. Coercion Based on Corrupted Evidence

Petitioner's second alleged ground for relief is that the government engaged in misconduct that corrupted evidence, and which was subsequently used to coerce Petitioner into entering into a plea agreement. Petitioner, however, sets forth no facts that support misconduct or that any evidence was corrupted. Petitioner refers to an unknown IP address [Doc. 51-1 p. 12] that connected to his account in November 2011, implying these were done by government agents, but the government admits to accessing the account during this time and further provides that it had the right to access this account pursuant to written consent by Petitioner [Doc. 58 p. 4]. The government also provided this information in discovery. Petitioner further admits his son "connected to the account in January," during the time after the government states it was unable to access the account. The government was aware of tampering with evidence in his case on the part of Petitioner's family, brought the potential for additional charges for obstruction of justice and tampering to Petitioner's attention, and then subsequently agreed as part of a plea deal not to pursue those additional charges. These actions do not amount to threatening Petitioner. Despite the actions of his family and the potential for being charged, Petitioner was able to negotiate a favorable agreement, and while that was surely to his and his family's benefit, it was, in the end and whatever the motivation,

8

his decision whether to agree to such a plea agreement or not. Furthermore, this claim is also procedurally defaulted due to the lack of an appeal.

### C. Entrapment Defense

Third, Petitioner claims he could have prevailed on an entrapment defense if he went to trial. First, this claim is procedurally defaulted as well, due to lack of a direct appeal. Second, this issue is moot as Petitioner was advised of and acknowledged that he was giving up his right to trial and defenses in the plea agreement [Doc. 37 p. 5]. Further, at the change of plea hearing, Petitioner acknowledged that his lawyer had advised him regarding any defenses he might have [Doc. 56 p. 5], and he agreed to give up the right to present those defenses at trial [Doc. 37 p. 5]. Third, Petitioner's guilty plea and acknowledgement of the factual basis and his admission, via his plea of guilty, to the charge of attempting to induce a minor to engage in sexually activity, warrants no challenge now to the sufficiency of the evidence. *United States v. Martin*, 26 F.3d 926, 932 (6th Cir. 2008). Fourth, since Petitioner admitted to committing the acts constituting the elements of the offense of attempting to entice a minor to engage in illegal sexual activity (18 U.S.C. § 2422(4)), there was neither any need nor opportunity for the government to then disprove Petitioner's only now raised defense of entrapment. Accordingly, the Court declines to retry this case based on this belated defense, and it is not appropriate to do so on collateral attack.

### D. Ineffective Assistance of Counsel

Petitioner's fourth alleged ground for relief is ineffective assistance of counsel. A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *Huff v. United States*, 734 F.3d 600,

9

606 (6th Cir. 2013) (applying the *Strickland* test to an ineffective assistance of counsel claim). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

Here, Petitioner claims that counsel was ineffective by not fully investigating the indicia of government alteration of evidence and by assisting Petitioner in entering a plea agreement involuntarily. With respect to tampering, Petitioner states that the facts present an indicia of tampering with his Yahoo! account and manufacturing evidence on which to base charges against Petitioner's family members. Petitioner states that such facts were available to his counsel when the plea offer was presented. Petitioner states that his counsel should

10

have made the prosecutor and the Court aware that the police appeared to be accessing the account, and that his counsel should have taken steps to discover what agencies had accessed the account and whether any alterations were made during the access. Further, Petitioner asserts that it was unreasonable for his counsel to be aware of the circumstances that compelled Petitioner to enter a plea agreement and guilty plea, but not to inform Petitioner that his plea could not be made involuntarily, or to inform the Court of the threats that had been made to coerce the guilty plea.

While Petitioner provides that counsel should have investigated "indicia of government alteration of evidence," Petitioner states no factual basis for this claim. Although the government admits that it did access Petitioner's Yahoo! account for evidence, Petitioner sets forth no facts or even claims that alterations were made, nor alleges what alterations were made, during the access or their effect on his case. Further, Petitioner had access to the emails at issue and has not cited one example of alteration. To the contrary, he has admitted the emails said what they said. Petitioner also does not provide any factual support for his now alleged "manufacturing of evidence" regarding charges against Petitioner's family. To the contrary, the government has set forth its proof and evidence supporting these charges, including the jail telephone recordings regarding the family's access to the account, subpoenas that revealed access to the account by the IP address attributed to his son, the preventing of the government's access to the account, and changing of passwords. Furthermore, Petitioner repeatedly concedes in his pleadings that his son did access the account.

11

Petitioner cannot now be heard to claim his attorney was ineffective for not telling the Court of unsupported allegations, nor of the purposed "threats" made to Petitioner (ostensibly again referring to the prospect of charges against his family for tampering and/or obstruction of justice) when: (1) Petitioner swore under oath to the Court that he had not been coerced or pressured by anyone to plead guilty [Doc. 56 at 7], (2) the plea agreement referenced the potential charges, and the government's agreement not to pursue them upon a plea of guilty, and (3) Petitioner was asked about the provision during the plea hearing and acknowledged his understanding of this part of the agreement. The Court was made aware of the potential charges against Petitioner's family and that Petitioner did not consider that he had been threatened, coerced or pressured to enter his guilty plea. As such, the Court finds that Petitioner's ineffective assistance ground for relief is without merit. Having found that Petitioner is not entitled to relief under any of the alleged grounds, the Court will deny Petitioner's § 2255 motion.

## V. Conclusion

For the reasons discussed herein, Petitioner's motion to accept offered reply and to schedule an evidentiary hearing [Doc. 59] will be **GRANTED in part and DENIED in part** in that the Court will accept the reply but will not schedule an evidentiary hearing. Petitioner's motions for appointment of counsel will be **DENIED** [Docs. 63, 65]. Petitioner's 28 U.S.C. § 2255 motion [Doc. 51] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to

make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

13